BAY–WOOD INDUSTRIES, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 80–1433.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 21, 1981.

Decided Dec. 1, 1981.

George T. Roumell, Jr., Stanley C. Moore, III, Riley & Roumell, P. C., Detroit, Mich., filed briefs for petitioner.

Milton E. Higgs, Higgs, Higgs & Barbee, P. C., Bay City, Mich., filed briefs and argued for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, Kenneth B. Hipp, Deputy Asst. Gen. Counsel, David A. Fleischer, Atty., filed briefs; David Marshall, Washington D.C., argued for respondent.

Before KEITH and MARTIN, Circuit Judges, and ALDRICH,* District Judge.

PER CURIAM.

Petitioner, Bay-Wood Industries, seeks review of a National Labor Relations Board decision finding that it violated section 8(a)(1) of the National Labor Relations Act (29 U.S.C. § 151 *et seq.*) when it discharged William Cederberg, a seasonal employee.

Cederberg was hired in August, 1978 as a laborer to work in its Bay City, Michigan wood fabricating plant. Assigned to the machine shop, Cederberg worked without complaint until mid-September when he complained of the dust and splinters spewing from the circular table saw he was operating. He requested and was given a mask and respirator to wear.

Several days later, on September 20, 1978, Cederberg was assigned to cut wood blocks on an overhead radial saw. After a set-up man demonstrated the saw, Cederberg took over and began to cut blocks as instructed. However, approximately forty-five minutes later, Cederberg complained to the foreman that the saw was unsafe. He stated that certain blocks cut poorly, causing his fingers to be jerked dangerously close to the blade. The foreman returned with Cederberg to the saw where he demonstrated again its proper operation. He left Cederberg with the admonition that if he, Cederberg, operated the machine in this manner and took his time, he would not need a safety guard. Furthermore, the foreman explained that the guard had been removed because it interfered with the saw's operation.

Cederberg again took up operation of the machine only to stop again a short time later because of his continuing fear for his fingers. Returning to the foreman's office, he stated he would not run the saw unless a guard was installed. There is some dispute as to the foreman's response but essentially Cederberg was told to go home. Cederberg returned the next day and briefly took up the issue with the plant supervisor. How-ever, little was said and Cederberg left believing he had been discharged. The only further action Cederberg took was to register a complaint a short time afterwards with the local OSHA office.

The parties on review dispute whether the evidence indicates Cederberg was fired or quit. We need not resolve that question however, for assuming that Cederberg was fired, his dismissal did not violate the Act because it was not discriminatory of protected employee activities.

Section 7 of the Act grants employees the right to engage in "concerted activities for the purpose of collective bargaining or other mutual aid or protection" without fear of recrimination by their employers. 29 U.S.C. § 157. The purpose of this provision is to protect union activity in both its nascent and mature forms. The question then is whether the complaints and actions of Cederberg constitute "concerted activities" protected under section 7.

The uncontroverted evidence shows that Cederberg acted alone on his own behalf. He did not file a grievance concerning this matter as provided for in the collective bargaining agreement between his union and petitioner, nor did he notify the union steward of the problem. Furthermore he testified that when he complained, he was not attempting to enforce the safety provisions of the Union's contract, a document with which he was totally unfamiliar. Instead he stated that he was seeking solely to resolve a problem which he believed concerned him alone. He enlisted no other employees in this dispute nor did he attempt to represent any interests other than his own.

Faced with this absence of facts showing concerted activity, the administrative law judge employed in his decision a judicial fiction known as the "Interboro Doctrine." This principle arose in *Interboro Contractors, Inc.*, 157 NLRB 1295 (1966), *enforced*, 388 F.2d 495 (2d Cir. 1967). There the NLRB held that complaints by an individual employee seeking to enforce provisions of

---

* Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting   by designation.

a collective bargaining agreement amounted to concerted activity under section 7 despite the absence of interest by his fellow employees in the complaint. The theory behind this principle is that the complaint of one individual necessarily implicates the interests of all employees when it is grounded in the agreement of which they are all a part. However, this court in *Aro, Inc. v. N.L.R.B.*, 596 F.2d 713 (1979), specifically considered and rejected the Interboro Doctrine's expansive construction of section 7. The test adopted there for determining what activities are "concerted" follows:

> For an individual claim or complaint to amount to concerted action under the Act it must not have been made solely on behalf of an individual employee, but it must be made on behalf of other employees or at least be made with the object of inducing or preparing for group action and have some arguable basis in the collective bargaining agreement.

*Id.* at 718.

There is no evidence in the record that shows Cederberg's complaint meets this test.

Consequently, the Board's cross-petition for enforcement of its order is denied.